## Neal v. Commonwealth.

(Decided May 30, 1924.)

### Appeal from Franklin Circuit Court.

1. Criminal Law—Motion for New Trial Addressed to Sound Discretion of Trial Judge.—A motion for new trial for newly discovered evidence addressed itself to sound discretion of trial judge.

2. Criminal Law—Motion for New Trial for Newly Discovered Evidence Properly Overruled.—New trial was properly denied in prosecution for possession of intoxicating liquors, where newly discovered evidence would be testimony that certain liquor found belonged to affiant, who sat in courtroom and said nothing during trial, and overwhelming weight of evidence was against defendant.

GUY H. BRIGGS for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

The indictment accused appellant Neal of the offense of unlawfully having in possession intoxicating liquors. A trial resulted in his conviction, the punishment being fixed at a fine of $300.00 and sixty days in the county jail.

His motion and grounds for a new trial contain many alleged reasons why the judgment should be set aside, but in brief of counsel he relies alone upon newly discovered evidence for a reversal of the judgment. After

the trial one Clarence McDonald approached appellant and told him for the first time that the liquors found by the sheriff on the premises of appellant did not belong to appellant but belonged to McDonald and that McDonald was the wrongdoer and not Neal; so states an affidavit filed by Neal in support of his motion and grounds for new trial. The sheriff had a search warrant for appellant's premises and when he went there he found appellant at home and after searching found seven gallons of moonshine whiskey hidden in a cluster of honeysuckles near and to the rear of his house. This liquor, appellant McDonald says, belonged to him and not to Neal. He says, however, that he was present at the trial but did not disclose the fact that he was the owner of the liquor until after Neal's conviction. In addition to the evidence concerning the whiskey, the sheriff and his deputy testified that they found a number of bottles and jugs in the house of appellant, some of which contained small quantities of white liquor, and smelled strongly of intoxicants. The reputation of appellant was proven to be bad for bootlegging. His neighbors testified that for some days before the sheriff raided the place and found the seven gallons of moonshine, great numbers of persons had been visiting the house of appellant; that they acted strangely; and on one occasion, so one witness testified, she saw a covered wagon drive up to appellant's house and there unload what she thought were jugs and that these jugs were carried into a thicket where later the sheriff found the seven gallons of whiskey. The overwhelming weight of the evidence is against appellant.

The motion for a new trial filed in the lower court addressed itself to the sound discretion of the trial judge. For reasons which are apparent the motion for new trial was overruled. The trial judge no doubt recognized that the evidence was overwhelmingly against appellant, and perhaps did not rely upon the affidavit made by McDonald. The circumstances under which it was made are sufficient to draw the veracity of the witness into question. Just why McDonald sat in the court room and listened to the trial of Neal and witnessed his conviction without telling that he knew the facts which he now sets up in the affidavit, if they are true, is hard to understand and are not easily reconciled with the conduct of a good citizen. The court was therefore fully warranted in overruling appellant's motion for a new trial.

We find no reason for disturbing the judgment and it is therefore affirmed.