## Kenney v. Commonwealth.

(Decided June 19, 1925.)

### Appeal from Harrison Circuit Court.

1. Larceny—Evidence Held to Sustain Conviction of Petit Larceny, —Evidence held to sustain conviction of petit larceny of tobacco stored in barn.

2. Criminal Law—Motion for New Trial for Newly Discovered Evidence Properly Overruled.—New trial was properly denied in prosecution for larceny of tobacco, where newly discovered evidence would be testimony that defendant purchased tobacco from witness, and that it had been stolen from another than prosecuting witness, where witness relied on to prove such fact was witness at trial and defendant had full opportunity to examine him with respect to title of tobacco in question.

WADE H. LAIL for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant, Kenney, was convicted in the Harrison circuit court of the offense of petit larceny and given six months in the county jail. The indictment accuses him of taking, stealing and carrying away tobacco from a barn of the value of more than $20.00, the property of one Florence.

On this appeal he insists (1) that the verdict is not sustained by sufficient evidence, and (2) the court erred

in overruling his motion for new trial based upon newly discovered evidence material to his defense and which evidence could not have been discovered by him by the exercise of reasonable diligence before the trial.

1. A careful reading of the evidence has convinced us beyond doubt of the guilt of the appellant although the evidence is largely circumstantial. Florence, the owner of the tobacco, was a tenant on the farm of one Brunker. The tobacco was taken about the first of February, 1922, from where it was stored in a tobacco barn on the farm in Harrison county. The owner, Florence, was away from home. When he returned and went to the barn he observed that a board about four feet long and twelve inches wide had been removed and that some one had passed in and out at this opening. There were tracks, and signs of the moving of tobacco. About twenty-five or thirty sticks of tobacco had been taken. On the outside of the barn were crumbs and shredded tobacco leading towards the road only a short distance away. At the road they found the track of a horse and buggy near the fence. The horse track had a half-shoe. After examining these things Florence went to his landlord, Brunker, and told him what had happened. At once they suspected appellant, Kenney, who lived two or three miles away; so, getting in an automobile they immediately drove to his house and barn; it was about dark, in the evening. When they drove up they observed a lighted lantern at the barn but when they holloed the light was put out, and one of them went to the barn and found appellee there with a lantern which was later lighted. They asked appellant about their tobacco and he said he knew nothing of it; they then asked him if he would consent for them to search his barn and he said he would; thereupon they looked in the hay loft and found hidden under some hay a quantity of tobacco and sticks, which they thought belonged to them; but appellant denied this and said it was his tobacco; that he had put the hay over it to keep the chickens from damaging it. Florence and Brunker returned home but early next morning they drove back to appellant's barn and finding him, asked for permission to again look at the tobacco. He readily consented. On ascending to the loft the witnesses found that the tobacco was gone; they found, however, the place where it had lain, there being some small scraps left. When they inquired of appellant what had

become of the tobacco he said he did not know and appeared to be surprised that it was gone; he said some one had stolen his tobacco. He joined in the search with the witnesses for the tobacco and looked all about his own barn and another barn a short distance away but it could not be found. Appellant then excused himself saying he had to go haul some fodder and left the witnesses at or near the barn. They continued to search for the tobacco. One of them observed that a corn shock over in an adjoining field appeared to have been disturbed and when they went to it and examined it they found a part of the tobacco hidden in it, and a trail leading on to another shock which, when they followed it, discovered the balance of the tobacco hidden in it. They called appellant and told him about it. The sticks on which the tobacco was hanging appeared to be those of the witness, Florence, and the tobacco looked like his tobacco. The witnesses went away to get a warrant for appellant. When they returned they found him hauling the tobacco from the corn shocks to the barn.

Upon these facts the jury found appellant guilty. He complains that the evidence is not sufficient to support the verdict, especially with respect to the ownership of the tobacco by the witnesses, Florence and Brunker. It must be admitted the evidence upon this immediate point is not very strong, although both witnesses testified in substance that the sticks upon which the tobacco hung were the sticks of Florence, and that the tobacco looked like his tobacco. There are many other suspicious circumstances about the case which, no doubt, aided the jury in arriving at the conclusion which its verdict announced. Appellant now admits the tobacco had been stolen, not from Florence but from another. He testified that he was secretly buying tobacco from members of the tobacco pool and selling it over the loose leaf floors, and this accounts, as he says, for his secrecy about the tobacco. We think, however, that the evidence taken as a whole, and all inferences to be reasonably drawn therefrom, are sufficient to support the verdict and the trial court did not err in submitting the case to the jury.

2. Appellant's second ground is less meritorious than the first, if either have merit. In his motion for new trial he relied upon newly discovered evidence based upon the following facts: That since the trial of the case he had discovered for the first time that the stolen tobacco formerly belonged to the firm of Richey and Jones, and

that George Florence sold it to appellant, Kenney, but that Florence had stolen the tobacco from Richey and Jones, and learning that the title of Kenney to whom he had sold the tobacco was being questioned, he went to the barn at night and removed the tobacco therefrom and hid it in a fodder shock without the knowledge of appellant; that at the time he sold the tobacco to appellant he did not tell appellant that it had been stolen, or that it belonged to Richey and Jones, and that appellant did not know these facts. In support of this motion appellant filed the affidavit of George Florence stating in substance the same. This motion was overruled by the court, and this ruling forms the basis of appellant's second complaint.

The witness, George Florence, upon whom appellant now relies for this new and unusual testimony, testified upon the trial for appellant, but of course, he was not asked and did not state about the things which are related in the affidavit. Appellant insists he did not know these facts until after the trial. Inasmuch as the witness, George Florence, was present in court testifying for appellant, the trial court must have concluded that there was no merit in this contention of appellant. At any rate, appellant had the witness on the stand at the trial, and full opportunity to examine him with respect to the title of the tobacco in question. The result of the trial turned upon the ownership of the tobacco. If appellant had purchased the tobacco, as he says, from George Florence, he should have inquired of Florence, his witness, as to where he got the tobacco. The witness, Florence, stated he had sold the tobacco to appellant at 25 cents per pound, about six or seven days before Brunker and Florence went to Kenney's and found the tobacco. Appellant did not ask the witness, George Florence, whether he raised the tobacco or from whence it came. In this he overlooked his opportunity. He should have examined him upon that subject at that time, for it was entirely relevant.

The whole story of appellant appears unreal. However, this was for the jury; but it was for appellant to examine the witness when he was on the witness stand. Appellant has not shown diligence. Failing to do so his mouth is now closed. Neal v. Commonwealth, 203 Ky. 506.

Finding no error to the prejudice of the substantial rights of appellant the judgment is affirmed.

Judgment affirmed.